FILED

AUG 12 2005

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS
BENTON OFFICE

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| NEVA JANEEN LASSWELL and JAMES CODY LASSWELL, | ) ) ) |
| Plaintiffs, | ) ) ) |
| vs. | ) Civil Case No. *05-4145-JPG* ) |
| THE CITY OF JOHNSTON CITY, and TONY L. KENDRICK, Johnston City Police Officer, in his individual and official capacity, | ) **JURY TRIAL DEMANDED** ) ) |
| Defendants. | ) ) |

## COMPLAINT

NOW COME Plaintiffs, Neva Janeen Lasswell and James Cody Lasswell, by and through their attorneys, Jonathan R. Oliver and Michael W. Maurizio of Michael W. Maurizio & Associates, and complain against Defendants The City of Johnston City and Tony L. Kendrick, in his individual and official capacity, as follows:

### JURISDICTION AND VENUE

1.     This action is brought pursuant to 42 U.S.C. § 1983, and jurisdiction of this Court is invoked under 28 U.S.C. §§ 1331 and 1343. Plaintiffs further invoke the pendent jurisdiction of this Court to hear and decide claims arising under state law.

2.     Venue lies in the Southern District of Illinois pursuant to 28 U.S.C. § 1391(b) because it is where a substantial part of the events or omissions giving rise to the claims herein occurred and because it is where all Defendants reside or can be found.

## PARTIES

3.    Plaintiff NEVA JANEEN LASSWELL (hereafter "Mrs. Lasswell") is a citizen of the United States and a resident of the City of Johnston City, Williamson County, State of Illinois.

4.    Plaintiff JAMES CODY LASSWELL (hereafter "Mr. Lasswell") is a citizen of the United States and a resident of the City of Johnston City, Williamson County, State of Illinois.

5.    Defendant THE CITY OF JOHNSTON CITY (hereafter "Johnston City") is a unit of local government in Williamson County, Illinois, which operates and maintains the Johnston City Police Department and the Johnston City Police and Fire Merit Board.

6.    Defendant TONY L. KENDRICK (hereafter "Kendrick") is and was at all relevant times a Police Officer for Johnston City. Upon information and belief, Kendrick is a resident of Williamson County, Illinois. Kendrick is sued in both his individual and official capacities.

7.    At all times relevant to the allegations of this Complaint and in all actions of the Defendants alleged, Defendants were acting under color of law and pursuant to their authorities pursuant to their official capacities as alleged above.

## COMMON ALLEGATIONS

8.    Despite knowledge of Kendrick's past employment problems with other police departments and his failure to meet the standards for employment through the Johnston City Police and Fire Merit Board, Johnston City employed Kendrick as a police officer.

2

9.    Despite repeated complaints and other incidents, including complaints and incidents of abusive, inappropriate, and/or excessive behavior by Kendrick, Johnston City continued to employ Kendrick as a police officer from the date of his hiring until the time of the actions complained of herein, and they continue to do so.

10.    On August 15, 2004, at or about 12:45 p.m., Kendrick was located inside the Dairy Queen in Johnston City, Illinois.

11.    On August 15, 2004, at or about 12:45 p.m., Mr. Lasswell and Mrs. Lasswell pulled into the parking lot of the Dairy Queen in Johnston City, Illinois, and parked their vehicle away from the building, exited their vehicle, and were standing in front of their vehicle.

12.    At or about this time, Mrs. Lasswell removed a camera from her and Mr. Lasswell's vehicle and took a picture in the direction of the Dairy Queen and the location of Kendrick.

13.    At or about this time, Kendrick exited the Dairy Queen, wearing a Johnston City police uniform, badge, and sidearm.

14.    Kendrick rapidly approached Mr. Lasswell and Mrs. Lasswell, demanding, in and with a threatening and abusive tone and demeanor, to know what Mr. Lasswell and Mrs. Lasswell were doing and approached and stood within inches of Mrs. Lasswell continuing his demand for answers.  As Kendrick drew near to Mr. Lasswell and Mrs. Lasswell he additionally placed his hand on or about his sidearm.

15.    When told by Mr. Lasswell and/or Mrs. Lasswell that they had just taken a picture, Kendrick, with his hand remaining on his sidearm and in and with a threatening and abusive tone and demeanor, stated that it was against the law to take his picture,

3

demanded that the camera be given to him, threatened to arrest them if they did not provide him with the camera, and then with the use of physical force, including knocking Mr. Lasswell backwards by shoving his chest against Mr. Lasswell's chest, and without probable cause or justification, seized and confiscated the camera.

16. Within approximately an hour of the events described in the preceding paragraphs, Mr. Lasswell and Mrs. Lasswell complained of these events to the chief of police of Johnston City.

17. Within approximately 15 minutes of making their oral complaint to the chief of police of Johnston City, Mr. Lasswell and Mrs. Lasswell went to the Johnston City Police Department and requested Kendrick to return their camera, which had sentimental and irreplaceable pictures on it.

18. Kendrick refused to return the camera and stated that the camera had been destroyed.

19. Mr. Lasswell and Mrs. Lasswell subsequently made written complaints to Johnston City regarding Kendrick's actions and, upon information and belief, no action was taken.

20. Kendrick's actions against Mr. Lasswell and Mrs. Lasswell were unwarranted in nature and excessive in force and constituted a wrongful search and seizure.

21. Prior to hiring Kendrick, Johnston City knew of past disciplinary problems regarding Kendrick's performance as a police officer in other local governmental units, including acts of physical violence, and knew he did not meet the standards for employment as set forth by Johnston City's Police and Fire Merit Board.

4

22.    After hiring Kendrick and up to and including the events complained of herein, Johnston City received and knew of complaints and instances of abusive and unlawful conduct by Kendrick, including instances of threats of and use of excessive physical force, and failed to investigate and/or act on the same, to appropriately discipline Kendrick for the same, or to discharge Kendrick for the same.

23.    At all times alleged herein, Johnston City acquiesced in and deliberately ignored Kendrick's misconduct and use of excessive force and unwarranted and unconstitutional means.

24.    As a result of the unlawful and willful acts, complained of herein, Mr. Lasswell has suffered physical injuries, loss of property, and has and will continue to suffer humiliation, embarrassment, and emotional distress.

25.    As a result of the unlawful and willful acts, complained of herein, Mrs. Lasswell has suffered loss of property and has and will continue to suffer humiliation, embarrassment, and emotional distress.

## COUNT I
### (42 U.S.C. § 1983)
### (The City of Johnston City and Tony L. Kendrick)

26.    Plaintiffs repeat and reallege Paragraphs 1 through 25 as though fully set forth herein.

27.    Kendrick, acting as a police officer for Johnston City, was at all times relevant hereto acting under color of state law.

28.    It was the policy, practice, and custom of Johnston City to undertake and/or deliberately ignore and acquiesce in the acts and omissions alleged herein.

5

29.    This policy and practice of Johnston City encouraged and caused violation by Kendrick of the constitutional rights of Mr. Lasswell and of Mrs. Lasswell to be free from unreasonable search and seizure and of cruel and unusual punishment or excessive use of force as described in the foregoing paragraphs.

30.    As a result of these acts, Mr. Lasswell has suffered great pain, both physical and mental, and deprivation of liberty and property.

31.    As a result of these acts, Mrs. Lasswell has suffered great pain mentally and deprivation of liberty and property.

32.    The acts of Kendrick described above were all performed with malice and premeditation under color of state law with willful and wanton disregard of Mr. Lasswell's and Mrs. Lasswell's rights under the Constitution and in contravention of the letter and spirit of 42 U.S.C. § 1983.

33.    The acts of Johnston City described above were all performed under color of state law with willful and wanton disregard of Mr. Lasswell's and Mrs. Lasswell's rights under the Constitution and in contravention of the letter and spirit of 42 U.S.C. § 1983.

WHEREFORE, Plaintiffs, James Cody Lasswell and Neva Janeen Lasswell, pray for the following relief:

(A)    A judgment finding Defendants The City of Johnston City and Tony L. Kendrick violated Plaintiffs' rights guaranteed to them by the United States Constitution;

(B)    Award compensatory damages in an amount to be proved at trial;

(C)    Award punitive damages in an amount to be determined at trial;

6

(D)     Award attorney's fees and costs; and

(E)     Award any other relief the Court deems just and proper.

## COUNT II
### (State Law Claim by James Cody Lasswell for Battery)

34.     Mr. Lasswell repeats and realleges Paragraphs 1 though 25 as though fully set forth herein.

35.     As a result of the acts alleged herein, Mr. Lasswell suffered a harmful and offensive contact to his person that was intentionally delivered by Kendrick with intent to cause such contact and to cause injury or which Kendrick knew was substantially certain to occur and would cause injury.

36.     In performing the acts alleged herein, Kendrick was acting within the scope of his employment as a police officer for Johnston City and was acting in a manner which Johnston City knew, or should have known, he was prone to act and/or which Johnston City condoned or to which Johnston City was deliberately indifferent.

37.     As a result of these acts, Mr. Lasswell has suffered great pain, both physical and mental.

WHEREFORE, Plaintiff, James Cody Lasswell, prays for the following relief:

(A)     A judgment finding Defendants Tony L. Kendrick and Johnston City liable to Plaintiff James Cody Lasswell for the tort of Battery;

(B)     Award compensatory damages in an amount to be proved at trial;

(C)     Award punitive damages in an amount to be determined at trial; and

(D)     Any other relief the Court deems just and proper.

7

## COUNT III
### (State Law Claim by Neva Janeen Lasswell for Assault)

38.     Mrs. Lasswell repeats and realleges Paragraphs 1 though 25 as though fully set forth herein.

39.     As a result of the acts alleged herein, Mrs. Lasswell suffered a reasonable apprehension of a harmful or offensive contact to her person that was intentionally delivered by Kendrick with intent to cause such apprehension of contact or which Kendrick knew was substantially certain to cause such apprehension of contact.

40.     In performing the acts alleged herein, Kendrick was acting within the scope of his employment as a police officer for Johnston City and was acting in a manner which Johnston City knew, or should have known, he was prone to act and/or which Johnston City condoned or to which Johnston City was deliberately indifferent.

41.     As a result of these acts, Mr. Lasswell has suffered great pain mentally.

WHEREFORE, Plaintiff, Neva Janeen Lasswell, prays for the following relief:

(A)     A judgment finding Defendants Tony L. Kendrick and Johnston City liable to Plaintiff Neva Janeen Lasswell for the tort of Assault;

(B)     Award compensatory damages in an amount to be proved at trial;

(C)     Award punitive damages in an amount to be determined at trial; and

(D)     Any other relief the Court deems just and proper.

8

## COUNT IV
### (State Law Claim by Plaintiffs for False Imprisonment)

42.    Plaintiffs repeat and reallege Paragraphs 1 though 25 as though fully set forth herein.

43.    As a result of the acts alleged herein, Plaintiffs were wrongfully confined by Kendrick by the threat of arrest and the threat of the use of force, including deadly force.

44.    In performing the acts alleged herein, Kendrick was acting within the scope of his employment as a police officer for Johnston City and was acting in a manner which Johnston City knew, or should have known, he was prone to act and/or which Johnston City condoned or to which Johnston City was deliberately indifferent.

45.    As a result of these acts, Plaintiffs suffered great pain, both physical and mental.

WHEREFORE, Plaintiffs, James Cody Lasswell and Neva Janeen Lasswell, pray for the following relief:

(A)    A judgment finding Defendants Tony L. Kendrick and Johnston City liable to Plaintiff James Cody Lasswell for the tort of Battery;

(B)    Award compensatory damages in an amount to be proved at trial;

(C)    Award punitive damages in an amount to be determined at trial; and

(D)    Any other relief the Court deems just and proper.

9

## COUNT V
### (State Law Claim for Negligent Hiring and Retention
### against The City of Johnston City)

46.    Plaintiffs repeat and reallege Paragraphs 1 though 25 as though fully set forth herein.

47.    Johnston City in hiring and/or retaining Kendrick knew, or should have known, that Kendrick was unfit for the position for which he was hired and that his service in such a position created a danger of harm to third persons, including Campbell.

48.    As a result of these acts, Plaintiffs have suffered great pain, both physical and mental, and loss of personal property.

WHEREFORE, Plaintiffs Neva Janeen Lasswell and James Cody Lasswell pray for the following relief:

(A)    A judgment finding Defendant The City of Johnston City liable to Plaintiff for the tort of Negligent Hiring and Retention;

(B)    Award compensatory damages in an amount to be proved at trial;

(C)    Award punitive damages in an amount to be determined at trial; and

(D)    Any other relief the Court deems just and proper.

## JURY DEMAND

Plaintiff hereby demands trial by a jury of twelve (12) in this cause.

Respectfully submitted,
PLAINTIFFS, JAMES CODY LASSWELL and
NEVA JANEEN LASSWELL

By: _____
Jonathan R. Oliver
One of Plaintiffs' Attorneys

10

Michael W. Maurizio & Associates
        Michael W. Maurizio #6186837
        Jonathan R. Oliver #6278164
1903 W. Main Street/P.O. Box 1849
Marion, Illinois  62959
Telephone No. 618/998-1515
Facsimile No. 618/998-1415
Email:  joliver@mauriziolaw.com
Email:  mmaurizio@mauriziolaw.com

11