IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| NEVA JANEEN LASSWELL and JAMES CODY LASSWELL, | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Case No. 05-CV- 4145-JPG |
| THE CITY OF JOHNSTON CITY, TONY L. KENDRICK, Johnston City Police Officer, in his individual and official capacity, | ) ) ) ) | |
| Defendants. | ) ) | |

**GILBERT, District Judge**

**MEMORANDUM AND ORDER**

This matter is before the Court on Plaintiffs' Motion for Attorney's Fees and Costs pursuant to 42 U.S.C. § 1988 and 28 U.S.C. §1920. (Doc. 38). Plaintiffs have submitted a memorandum in support of their motion (Doc. 39), to which Defendants have responded (Doc. 41) and Plaintiffs have replied (Doc. 42). For the reasons set forth below, the plaintiffs' motion is **GRANTED**.

**BACKGROUND**

**I.    Facts**

On August 15, 2004 Plaintiffs, Neva Janeen Lasswell and James Cody Lasswell, were in the parking lot of the Dairy Queen in Johnston City, Illinois. While there, they observed Officer Tony L. Kendrick, who was in uniform, engaging in what they believed was an abuse of his authority as a police officer for Johnston City. Mrs. Lasswell took a camera out of the Lasswell's vehicle and attempted to take a picture of Officer Kendrick. According to the Lasswells, Officer Kendrick then

1

approached them, demanding to know what they were doing. The Lasswells claim that Officer Kendrick came within inches of them and put his hand on or near his sidearm while demanding they answer his question. The Lasswells told Officer Kendrick that they had taken a picture. Officer Kendrick informed them that it was against the law to take his picture and demanded that the Lasswells turn the camera over to him.

The Lasswells claim that Officer Kendrick threatened to arrest them if they did not turn over the camera. When the Lasswells did not comply, they claim Officer Kendrick shoved his chest against Mr. Lasswell's chest, knocking Mr. Lasswell backwards and injuring his leg. Officer Kendrick then confiscated the camera.

The Lasswells reported their altercation with Officer Kendrick to the chief of police of Johnston City. They also went to the Johnston City Police Department and requested the return of their camera and the pictures on it. Officer Kendrick refused, saying the camera had been destroyed.

## II.     Procedural History

The Lasswells filed suit under 42 U.S.C. § 1983 against the City of Johnston City and Officer Kendrick for violating their civil rights under color of state law. They also brought state law claims against Officer Kendrick for assault, battery, and false imprisonment. Additionally, the Lasswells brought a state law claim against the City of Johnston City for negligent hiring and retention of Officer Kendrick. They requested an unspecified amount in compensatory and punitive damages. Plaintiffs entered into a written contract with Michael W. Maurizio & Associates setting attorney's fees at forty percent (40%) of the gross amount recovered and one hundred percent (100%) of reasonable attorney's fees and cost recovered. (Doc. 38 Ex. B 1). Maurizio & Associates brought in Rhode and Jackson, P.C. as co-counsel.

On January 31, 2006, pursuant to Federal Rule of Civil Procedure 68, Officer Kendrick and The City of Johnston City offered to allow judgment to be taken against them on all the Lasswells' state and federal claims. The Offer of Judgment included a paragraph stating, "These offers are not to be construed as an admission that defendants are liable in this action or that plaintiffs have suffered any damages." (Doc. 30 Ex. A 1).

Prior to the Offer of Judgment tendered by the defendants, the parties conducted minimal discovery. Officer Kendrick served his initial disclosures as well as interrogatories and requests for production. The Lasswells served their initial disclosures and answers to the interrogatories. Additionally, the Lasswells issued a subpoena to the Herrin and Energy Police Departments for the personnel records for Officer Kendrick.

The underlying claims were disposed of on April 3, 2006 by an Order of Judgment in favor of plaintiffs and against defendants on all state and federal claims pursuant to the Rule 68 offer. (Doc. 46). The Court entered judgment for Neva Lasswell in the amount of $500.00 plus costs accrued up to and including February 10, 2006. The Court entered judgment for James Lasswell in the amount of $1,000.00 plus costs accrued up to and including February 10, 2006.

The Lasswells now request attorney's fees in the amount of $17,265.11 and costs in the amount of $458.09 from defendants pursuant to 42 U.S.C. § 1988. Maurizio & Associates billed 36.14 hours and Rhode and Jackson, P.C. billed 43.90 hours. The hourly fees plaintiffs request are:

Michael W. Maurizio - Maurizio & Associates - $250.00 per hour

Jonathan R. Oliver - Maurizio & Associates - $200.00 per hour

Paralegals - Maurizio & Associates - $150.00 per hour

Shari Rhode - Rhode and Jackson, P.C. - $250.00 per hour

Kristen Glasford - Rhode and Jackson, P.C. - $150.00 per hour

Sarah Ann Finley - Rhode and Jackson, P.C. - $75.00 per hour.

## ANALYSIS

42 U.S.C. § 1988 provides, in relevant part: "In any action or proceeding to enforce a provision of Section . . . 1983 . . . of this title . . . the court, in its discretion, may allow the prevailing party . . . a reasonable attorney's fee as part of the costs." Congress' purpose in enacting § 1988 was to ensure that lawyers would be willing to represent persons with legitimate civil rights grievances. *City of Riverside v. Rivera,* 477 U.S. 561, 578 (1986).

The Lasswells brought their action under 42 U.S.C. § 1983 and were awarded costs in the Order of Judgment. Therefore, the Lasswells claim they are "prevailing parties," and they move for attorney's fees. The City of Johnston City and Officer Kendrick argue: 1) the Lasswells are not "prevailing parties" within the meaning of 42 U.S.C. § 1988, and so are not entitled to recover attorney's fees; 2) the Lasswells' recovery was *de minimis* and so does not support an award for attorney's fees, and 3) the attorney's fees requested by the Lasswells are unreasonable and excessive.

**I.     Prevailing Parties Within the Meaning of 42 U.S.C. § 1988.**

A party need not prevail at trial in order to qualify as a "prevailing party" for purposes of § 1988. "Nothing in the language of § 1988 conditions the District Court's power to award fees on full litigation of the issues or on a judicial determination that the plaintiff's rights have been violated." *Maher v. Gagne*, 448 U.S. 122, 129 (1980). Rather, a prevailing party is one who has obtained at least some relief on the merits of his claim by means of an enforceable judgment against the defendant. *Farrar v. Hobby,* 506 U.S. 103, 111 (1992). Therefore, the fact that the Court

4

entered judgment against the defendants pursuant to a Rule 68 offer does not necessarily mean that the plaintiffs are not "prevailing parties."

The Seventh Circuit has articulated a two-part test for determining when a plaintiff is a "prevailing party." The Court must determine: "1) whether the lawsuit was causally related to the relief obtained, and 2) whether the defendant acted gratuitously, that is, the lawsuit was frivolous, unreasonable or groundless." *Gekas v. Att'y Reg. & Disciplinary Comm'n,* 793 F.2d 846, 849 (7th Cir. 1986). If a plaintiff fails either part of the test, he or she is not a "prevailing party."

Here, as a result of their suit, the Lasswells obtained an enforceable judgment against the City of Johnston City and Officer Kendrick. The defendants are obligated to pay to the Lasswells an amount they otherwise would not. Therefore, the Lasswells meet the first part of the *Gekas* test. That the defendants offered to allow the judgment to be taken against them does not change the fact that it is an enforceable judgment which materially altered the legal relationship between the parties.

Defendants contend, however, that a judgment entered pursuant to a Rule 68 offer containing a disclaimer like the one used here,[1] precludes a finding that plaintiffs are "prevailing parties" entitled to attorney's fees. *Fisher v. Kelly*, 105 F.3d 350 (7th Cir. 1997). In *Fisher*, the court found that the plaintiff could not meet the second part of the *Gekas* test because the Offer of Judgment was gratuitous and the plaintiff's case was without merit. *Id* at 352. *Fisher* is distinguishable from the instant case.

In *Fisher*, Evanston Police Officer Charles Kelly arrested Margaret Fisher for disturbing the peace following a municipal fireworks display. *Id*. Fisher attempted to enter an intersection in

---

[1] As noted *supra*, the Offer of Judgment tendered by Defendants stated, "These offers are not to be construed as an admission that defendants are liable in this action or that plaintiffs have suffered any damages." (Doc. 30 Ex. A 1).

5

which Kelly was directing traffic, and when Kelly tried to stop her, an argument ensued. *Id*. Kelly physically removed Fisher from the intersection, handcuffed her and arrested her. *Id*. She was charged with disturbing the peace, disorderly conduct and obstruction of a police officer during the performance of his duties. *Id*. The charges were later dropped. *Id*.

Fisher brought suit against Kelly under 42 U.S.C. § 1983 asserting a violation of her Fourth Amendment rights. *Id*. She also brought state claims of battery and false arrest. *Id*. Fisher demanded $80,000 and rejected Kelly's offer to settle for $10,000. *Id*. When Kelly indicated that he was going to move for summary judgment, Fisher accepted a Rule 68 Offer of Judgment for $7,500 plus costs accrued. *Id*. As in the case at bar, Kelly's Rule 68 offer stated "This offer is not to be construed as an admission that Defendant is liable in this action or that Plaintiff has suffered any damages." *Id*. at 352 n.1. The district court denied Fisher's motion for attorney's fees and the Court of Appeals affirmed. *Id*. at 352.

Defendants argue that *Fisher* stands for the proposition that a defendant can shield himself from an obligation to pay attorney's fees in a § 1983 action if he presents a Rule 68 offer that contains a disclaimer. This is not an accurate reading of the case. In *Fisher*, the district court found that Kelly would have spent more successfully defending the case than settling it with a Rule 68 offer. *Id*. The district court found that the defendant settled for the "nuisance value" of the case, and denied attorney's fees. *Id*. The Court of Appeals upheld the denial of fees, holding the plaintiff had not achieved success on the merits of her claim because the defendant had acted gratuitously in the face of a "frivolous, unreasonable, or groundless lawsuit." *Id*. As the court later said in *Hyde v. Small*, 123 F.3d 583, 585 (7th Cir. 1997), "Fisher should have lost." Fisher was not, therefore, a prevailing plaintiff entitled to attorney's fees. *Id*.

The chronology of events leading to the eventual settlement supported this conclusion. First, the plaintiff had rejected an earlier settlement offer for more than the amount for which she eventually settled. *Fisher*, 105 F.3d at 352. Second, the plaintiff only accepted the offer of judgment in the face of a motion for summary judgment. *Id*. Finally, the offer itself contained language disclaiming liability. *Id*.

In the case at bar, the chronology of events is very different. Here, there was almost no discovery, and no record of any offered and rejected settlements. There were no dispositive motions before the Court. Defendants instead rely wholly on the language in the Offer of Judgment denying liability. Without surrounding facts to support it, this statement alone is not persuasive. *Foster v. King's Park Cent. Sch. Dist.*, 174 F.R.D. 19 (E.D.N.Y. 1997) (holding express denial of liability must be viewed in totality of circumstances).

While it may be true that the City of Johnston City and Officer Kendrick settled a frivolous suit for its nuisance value, it is equally possible that the defendants settled a meritorious suit for its full value. There is simply no support in the record for the Court to reach a finding that the Lasswells "should have lost." The defendants made a Rule 68 offer for judgment to be taken against them in favor of the Lasswells on all state and federal claims. The Court entered judgment against the defendants in favor of the Lasswells on all state and federal claims. This is all the record shows. Accordingly, the Court concludes the Lasswells are prevailing parties for purposes of § 1988.

## II.     Recovery Necessary to Support the Awarding of Attorney's Fees

There are times when even a "prevailing plaintiff" is entitled to no attorney's fees. In *Farrar,* 506 U.S. 103, a civil rights plaintiff requested $17 million in compensatory damages. A jury awarded him one dollar at trial. The Supreme Court determined that denial of attorney's fees was

appropriate. In her concurring opinion, Justice O'Connor elaborated, "When the plaintiff's success is purely technical or *de minimis*, no fees can be awarded." *Id*. at 117 (O'Connor, J., concurring). This is because the "reasonable fee" in such a case is zero. *Id*. at 118. The vast difference between the amount Farrar sought and the amount the jury ultimately awarded him made his victory a Pyrrhic one. "From a practical standpoint, it was as if Farrar had lost, in which event, the law was and is clear, he could not obtain any award of fees." *Hyde*, 123 F.3d at 584-85.

Here, one cannot say it is as if the Lasswells had lost. They received $1,500.00 in a settlement for an unspecified amount of damages including the loss of a camera and the film it contained, physical pain resulting from the shove, and compensation for emotional distress. $1,500.00 may be full compensation for the injuries claimed in this case. The Court's focus is not solely on the amount of the settlement, but on the relationship between the amount plaintiffs demanded and the amount they received. In other words, the Court must determine whether the plaintiff "aim[ed] high and fell short, in the process inflicting heavy costs on his opponent and wasting the time of the court, or whether . . . the case was simply a small claim . . . ." *Id*. at 585.

In the case at bar, the limited damages described by the Lasswells support the conclusion that this was merely a small claim adequately compensated. Further, important constitutional rights may be at stake even in cases that will not result in large damage awards. *Id*. Here, the conduct complained of by the Lasswells, that Officer Kendrick abused his position of authority and that the City of Johnston City failed to supervise him properly to the detriment of its citizens, implicates important civil rights. Therefore, a large award for damages is not necessary to support an award of reasonable attorney's fees. *Id*.

Defendants also argue that awarding attorney's fees in Rule 68 Offers of Judgment would eliminate the possibility of parties reaching nuisance value settlements and frustrate the purposes behind Rule 68. This argument is not convincing. Rule 68 states:

> At any time more than 10 days before the trial begins, a party defending against a claim may serve upon the adverse party an offer to allow judgment to be taken against the defending party for the money or property or to the effect specified in the offer, with costs[2] then accrued . . . . If the judgment finally obtained by the offeree is not more favorable than the offer, the offeree must pay the costs incurred after the making of the offer.

Fed. R. Civ. P. 68.

Rule 68 encourages reasonable settlements in civil rights cases. By halting the accrual of costs, Rule 68 gives a defendant an incentive to make an acceptable offer and the plaintiff an incentive to accept. *Marek*, 473 U.S. at 5. The City of Johnston City and Office Kendrick argue that an award of attorney's fees in a Rule 68 settlement will encourage needless litigation because defendants will no longer want to settle at an early date if settlement will include "substantial expense in attorney's fees." (Doc. 41, 1). This reasoning is not persuasive for two reasons.

First, defendants fail to take into account the possibility that civil rights plaintiffs, particularly those advancing small monetary claims, will refuse to accept a Rule 68 offer if doing so will leave them responsible for attorney's fees. Alternatively, attorneys may be unwilling to accept civil rights cases if they believe they will be unable to collect attorney's fees should their clients accept a Rule 68 offer. Therefore, a ruling that the Lasswells cannot recover attorneys fees is equally likely to discourage settlement as the opposite ruling would be. Second, an early Rule 68 offer will still work to limit a defendant's liability for attorney's fees, even if it does not immunize

---

[2]In suits filed under 42 U.S.C. 1983 "costs" includes reasonable attorney's fees. *See Marek v. Chesny*, 473 U.S. 1, 6 (1985).

him from such liability altogether. Therefore, a defendant will often find it is in his best interest to settle early, notwithstanding the Court's decision today. Thus, the Court is not persuaded that allowing the Lasswells to recover attorney's fees will encourage needless litigation. Because plaintiffs' recovery is sufficient to support an award of attorneys' fees, and because such an award is not contrary to public policy, the Court grants plaintiffs' motion for attorney's fees.

### III. Reasonable Amount of Attorney's Fees

In determining reasonable attorney's fees under § 1988, the Court finds the "lodestar" amount by multiplying the number of hours reasonably expended on the case by the reasonable hourly rate for each of the services provided. *Hensley v. Eckerhart,* 461 U.S. 424, 433 (1983); *Connolly v. Nat'l Sch. Bus Serv., Inc.*, 177 F.3d 593 (7th Cir. 1999).[3] The party moving for attorney's fees bears the burden of documenting its fees to the satisfaction of the court. *Hensley,* 461 U.S. at 433; *Tomazzoli v. Sheedy,* 804 F.2d 93, 96 (7th Cir.1986). Plaintiffs have submitted affidavits from Maurizio and Rhodes in support of the attorney's fees requested (Doc. 38 Ex. A, B).

The City of Johnston City and Officer Kendrick contend that the amount of attorney's fees requested by the Lasswells is unreasonable and excessive both in hours expended and in hourly rates charged. Specifically, defendants contend: 1) the Court should not allow plaintiffs to recover

---

[3] In determining this figure, the Court should consider twelve factors. These factors are: 1) the time and labor required; 2) the novelty and difficulty of the questions; 3) the skill requisite to perform the legal service properly; 4) the preclusion of employment by the attorney due to acceptance of this case; 5) the customary fee; 6) whether the fee is fixed or contingent; 7) time limitations imposed by the client or the circumstances; 8) the amount involved and the results obtained; 9) the experience, reputation, and ability of the attorneys; 10) the "undesirability" of the case; 11) the nature and length of the professional relationship with the client; and 12) awards in similar cases. *Hensley,* 461 U.S. at 430 n.3.

attorney's fees for hours expended after the Offer of Judgment was made; 2) the Court should not allow plaintiffs to recover attorney's fees for hours expended in preparation and filing of pleadings related to their fee request; 3) the Court should not allow plaintiffs to recover attorneys fees for hours expended by co-counsel reviewing documents previously reviewed by counsel, or for time spent by counsel and co-counsel in consultation with one another, and 4) the hourly rate being claimed by Plaintiffs is unreasonable and excessive.

  **A.**  **Recovery of Fees Accrued Between Dates of Offer and Acceptance**

As noted above, a Rule 68 offer includes "costs then accrued." Fed. R. Civ. P. 68. Defendants contend that "costs then accrued" refers to the date of offer, not the date of acceptance or judgment. Defendants point out that at least one other district court has held that a plaintiff cannot recover attorney's fees for time spent after the Rule 68 offer was made. *Said v. Va. Commw. Univ./Med. Coll. of Va.*, 130 F.R.D. 60, 64 (E.D. Va. 1990). In addition, defendants point out that the Ninth Circuit Court of Appeals has held that the terms of a Rule 68 offer, not the language of Rule 68 itself, control the cutoff of attorney's fees and costs. *Guerrero v. Cummings*, 70 F.3d 1111, 1113 (9th Cir. 1995). However, in *Guerrero*, the offer provided for "costs incurred by this plaintiff *prior to the date of this offer*." *Id*. (Emphasis added). Here the offer includes "costs accrued to date." (Doc. 30 Ex. A 2).

The judgment entered by the Court clearly calls for costs "up to and including February 10, 2006," the date the plaintiffs accepted the offer. Given the ambiguity of the phrase "costs accrued to date," and the fact that the judgment entered is clear as to when accrual of costs terminated, the Court will allow reasonable attorney's fees for time spent working on the case up to and including February 10, 2006.

### B. Recovery of Fees for Time Spent Working on Fee Request

Defendants argue that plaintiffs are not entitled to attorney's fees for time spent related to the preparation and filing of their fee request. Defendants offer no support for their argument. Indeed, courts have consistently held that plaintiffs are entitled to reasonable attorney's fees for time spent establishing and litigating § 1988 fees. *See, e.g.*, *Johnson v. Mississippi,* 606 F.2d 635, 637-38 (5th Cir.1979); *Bagby v. Beal,* 606 F.2d 411, 415-16 (3d Cir.1979); *Gagne v. Maher,* 594 F.2d 336, 344 (2d Cir.1979), *aff'd,* 448 U.S. 122 (1980); *Weisenberger v. Huecker,* 593 F.2d 49, 53-54 (6th Cir. 1979); *Lund v. Affleck,* 587 F.2d 75, 77 (1st Cir.1978).

Attorneys will be less likely to take civil rights cases if they know that the time spent establishing and litigating their fees will be uncompensated. *Bagby*, 606 F.2d at 416. In effect, civil rights attorneys' hourly rates will be decreased, because a portion of the hours they expend on a case will be uncompensated. *Id.* Such a result would undercut Congress' purpose in passing § 1988, that is, to make civil rights cases more attractive to attorneys. *Rivera,* 477 U.S. at 578. Therefore, the Court will allow plaintiffs to recover attorneys fees for time reasonably expended establishing a right to attorneys fees.

### C. Recovery of Fees for Time Spent by Co-Counsel Reviewing Documents Already Reviewed and Time Spent by Co-Counsel in Consultation with One Another

The Court excludes from its calculations redundant or excessive hours billed, as such time is not "reasonably expended." *Hensley,* 461 U.S. at 433. Defendants argue the Court should exclude 12.4 hours billed by plaintiffs' attorneys, spent bringing attorney Rhode "up to speed" on the case and for consultations among co-counsel, as redundant and excessive. The Court agrees that these hours are not properly billable, and will reduce the reasonable hours in the lodestar calculation by 8.7 hours for Rhodes and 3.7 hours for Oliver.

### D. Reasonableness of Hourly Rates Claims

Plaintiffs contend that the hourly rates charged by their attorneys are reasonable in light of their attorneys' experience in this area of the law and in light of the rates charged by other attorneys in Southern Illinois. Defendants counter that their own attorney's rates are substantially lower than those charged by plaintiffs' attorneys.

An attorney's actual billing rate for comparable work is presumptively appropriate for the Court to use in determining a reasonable hourly rate for the attorney. *Connolly v. Nat'l School Bus Serv., Inc.*, 177 F.3d 593, 596 (7th Cir. 1999) (citing *People Who Care v. Rockford Bd. of Educ.*, 90 F.3d 1307, 1310 (7th Cir. 1996)). Sometimes, however, the court will be unable to establish an attorney's true billing rate. For, example, the attorney may maintain a contingent fee or a public interest practice. *Id*. In such a case, the court should look to the rates charged by lawyers in the community of comparable skill, experience, and reputation. *Id*. The burden is on the party moving for attorney's fees to support his requested rates with satisfactory evidence "in addition to the attorney's own affidavits." *Id*.

The Court finds that Plaintiffs have not established that the hourly rates charged by their attorneys and paralegals are appropriate. Bearing in mind the *Hensley* factors, the Court finds the appropriate market rates to be as follows: In light of her reputation and her experience with civil rights cases, the Court finds Rhode's market rate to be $250.00 per hour, the requested rate. Although he is a fine attorney, the Court finds that Maurizio does not have experience in these types of cases equal to Rhodes, and accordingly will reduce Maurizio's hourly rate to $200.00 per hour. In light of the evidence submitted by both plaintiffs and defendants, the Court finds that the market rate for associates for this type of work in the Southern Illinois area is $125.00 per hour. The Court

will reduce the rates requested by Oliver and Glasford accordingly. In light of the evidence presented, the Court further finds that the market rate for paralegals in the area is $75.00 per hour, and will reduce the amount requested by Maurizio's firm accordingly.

Taking into account the exclusion of redundant or excessive hours and the reduction of some of the requested hourly rates, the Court finds the following lodestar calculations to be reasonable:

1) Rhode - 24.9 hours at $250.00 per hour = $6,225.00

2) Maurizio - 3.3 hours at $200.00 per hour = $660.00

3) Oliver - 22.39 hours at $125.00 per hour = $2,798.75

4) Glasford - 7.7 hours at $125.00 per hour = $962.50

5) Finley - 2.6 hours at $75.00 per hour = $195.00

6) Paralegals - 6.75 hours at $75.00 per hour = $ 506.25

Total = $11,347.50

Additionally, plaintiffs seek $458.09 in costs. Defendants have not challenged this amount. Accordingly, the Court will grant costs in the full amount requested.

## CONCLUSION

In conclusion, because the Lasswells are prevailing parties within the meaning of 42 U.S.C. § 1988, and because their recovery was more than *de minimis*, plaintiffs' motion for attorney's fees and costs (Doc. 38) is **GRANTED**. Attorney's fees and costs are **AWARDED** in the amount of $11,805.59.

**IT IS SO ORDERED.**

**Dated: June 14, 2006.**

                **s/ J. Phil Gilbert**

                **J. PHIL GILBERT**
                **U.S. District Judge**